IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARIS ITALO FULLER,<br><br>            Plaintiff,<br><br>   v.<br><br>OFFICER CANTRELL, et al.,<br><br>            Defendants | No. C-03-5616 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; VACATING HEARING** |

Before the Court is plaintiff Lazaris Italo Fuller's motion, filed June 27, 2006, for leave to file a First Amended Complaint ("FAC"), pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants Officer Cantrell, Officer R. Thomas, Officer Pomeroy, and Officer Funk (collectively, "individual defendants"), as well as the City of Richmond, have filed opposition, to which plaintiff has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for August 11, 2006, and rules as follows.

Leave to amend any pleading "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). In considering whether to allow an amendment to a pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).

1       Plaintiff seeks leave to amend to "clarify the constitutional bases for [p]laintiff's
2 claims, to add the City of Richmond as a necessary party defendant, and to provide a more
3 complete and detailed description of each defendant, their role in this litigation, and the
4 capacity in which each defendant is being sued." (See Pl.'s Mot. at 1:28 - 2:3.)  In addition,
5 plaintiff seeks leave to "specif[y] the jurisdictional and venue predicates" and to "clarif[y]
6 that [p]laintiff is seeking costs, attorney's fees and punitive damages in this matter." (See
7 id. at 2:3-4.)

8       Defendants state no objection to many of the proposed amendments, but do object
9 to the following three additions:  the prayer for attorney's fees, the prayer for punitive
10 damages, and the claim against the City of Richmond.

11       Defendants' first argument is that the proposed amendments are untimely because,
12 according to defendants, plaintiff could have sought to amend several months ago but
13 instead delayed to the point that the hearing on the instant motion is scheduled for August
14 11, 2006, only three weeks before the fact discovery cutoff of September 1, 2006.  Plaintiff
15 asserts any delay was the result of plaintiff's not receiving sufficient discovery until very
16 recently.  Even assuming, arguendo, there was undue delay, "[u]ndue delay by itself . . . is
17 insufficient to justify denying a motion to amend."  See Bowles v. Reade, 198 F. 3d 752,
18 758 (9th Cir. 1999).  Rather, an order denying a motion to amend must be supported by a
19 "specific finding of prejudice to the opposing party, bad faith by the moving party, or futility
20 of the amendment."  See id.

21       Defendants do not argue any of the proposed amendments are futile.  Although
22 defendants assert, in conclusory fashion, that plaintiff is acting in bad faith, defendants offer
23 no evidence to support such finding, and no bad faith is apparent from the record.

24       Finally, defendants do not identify any particular prejudice they would incur by
25 inclusion of a prayer for attorney's fees or a prayer for punitive damages.  As to the
26 proposed inclusion of a claim against the City of Richmond, defendants argue that given
27 the rapidly approaching discovery deadlines, there is insufficient time to adequately prepare
28 a defense to such new claim.  The newly proposed claim against the City of Richmond is a

1 "Monell" claim, see Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978),
2 by which plaintiff alleges that the actions of the individual officers were taken pursuant to a
3 policy or custom of the City of Richmond, that the City of Richmond approved and ratified
4 the actions of the individual officers, and/or that the City of Richmond failed to adequately
5 train and supervise the individual officers. (See Proposed FAC ¶¶ 20-22.)[1] Although
6 plaintiff argues defendants can adequately defend against a Monell claim in the limited
7 pretrial preparation time remaining, the Court is not persuaded.

8 Consequently, the Court will stay discovery and the trial on the Monell claim until
9 after conclusion of the trial of plaintiff's claims against the individual defendants. If the trier
10 of fact finds the individual defendants did not deprive plaintiff of any constitutional right,[2]
11 such finding would be dispositive of the claim for municipal liability, obviating the need for
12 any proceedings on the Monell claim. See City of Los Angeles v. Heller, 475 U.S. 796, 799
13 (1986) ("[N]either Monell [ ] nor any other of our cases authorizes the award of damages
14 against a municipal corporation based on the actions of one of its officers when in fact the
15 jury has concluded that the officer inflicted no constitutional harm."); see also Fairley v.
16 Luman, 281 F. 3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the
17 charge of excessive force precludes municipal liability for the alleged unconstitutional use
18 of such force."). If, on the other hand, the trier of fact finds one or more of the individual
19 defendants did commit a constitutional violation, the stay of discovery will be lifted and the
20 Monell claim scheduled for trial.

21 //
22 //
23 //
24 //
25 //

---

[1] The proposed FAC is Exhibit B to the Declaration of Kirsten J. Daru.

[2] The constitutional right at issue herein is plaintiff's Fourth Amendment right to be free from excessive and unreasonable force. (See Proposed FAC ¶ 25.)

**CONCLUSION**

For the reasons stated, plaintiff's motion for leave to file the proposed FAC is hereby GRANTED. Plaintiff shall file the FAC no later than August 14, 2006, and defendants shall file a response within the time provided by Rule 15(a). In the event plaintiff includes the proposed Monell claim therein, discovery and setting of the trial on that claim shall be stayed until the trial of plaintiff's claims against the individual defendants has been concluded.

**IT IS SO ORDERED.**

Dated: August 7, 2006

MAXINE M. CHESNEY
United States District Judge