1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    NOAH G. BLECHMAN (State Bar No. 197167)
2   MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
    PFALZER, BORGES & BROTHERS LLP
3   1211 Newell Avenue
    Post Office Box 5288
4   Walnut Creek, CA 94596
    Telephone: (925) 939-5330
5   Facsimile:  (925) 939-0203

6   Attorneys for Defendant
    CITY OF RICHMOND, OFFICER CANTRELL, OFFICER R.
7   THOMAS, OFFICER POMEROY, OFFICER MOODY, and
    OFFICER FUNK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LAZARIS ITALO FULLER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RICHMOND, OFFICER CANTRELL, OFFICER R. THOMAS, OFFICER POMEROY, OFFICER MOODY, and OFFICER FUNK,<br><br>Defendant. | Case No. C03-5616 MMC<br><br>**JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER;** [PROPOSED] **ORDER** |
|---|---|

The parties to this action, by and through their respective counsel, hereby apply for and stipulate to the issuance of the protective order attached hereto. Confidential, private and sensitive documents have been or will be produced in this action and there is good cause that a protective order is needed to maintain such privacy and confidentiality throughout the course of this litigation and beyond. The parties hereby agree to keep this information confidential and private via the protective order agreed to herein. Good cause exists for such an order.

**Counsel attests that this document is acceptable to all parties required to sign below.**

/ / /

JOINT APPLICATION AND STIPULATION FOR
PROTECTIVE ORDER; ORDER - C03-5616 MMC

1  DATED: Sept. ___, 2006

2                                              REED SMITH, LLP

3

4                                              By____/s/_____
                                                  Bernard J. Casey / Kirsten J. Daru
5                                                 Attorneys for Plaintiff Lazaris I. Fuller

6

7  DATED: Sept. ___, 2006                      MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                                PFALZER & BORGES LLP
8

9                                              By: _____/s/_____
                                                  James V. Fitzgerald, III / Noah G. Blechman
10                                                Attorneys for Defendants
                                                  CITY OF RICHMOND, OFFICER
11                                                CANTRELL, OFFICER R. THOMAS,
                                                  OFFICER POMEROY, OFFICER MOODY,
12                                                AND OFFICER FUNK

JOINT APPLICATION AND STIPULATION FOR       2
PROTECTIVE ORDER; ORDER - C03-5616 MMC

**PROTECTIVE ORDER**

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means:

    (a) Documents that were created or maintained by City of Richmond, Richmond Police Department and/or Richmond Police Commission memorializing, reflecting, explicating, or otherwise relating to performance evaluations, disciplinary records, as well as all disciplinary and internal affairs investigatory records and citizen complaint records per the Richmond Police Commission related to the duties of the officers as Richmond Police Department officers, as produced in this litigation.

    (b) Medical records produced by Plaintiff or any third party in this action with respect to medical treatment received by Plaintiff.

    (c) Information that the party or non-party believes in good faith to contain information involving trade secrets, confidential business or financial information, or personal information subject to protection under California or other applicable laws.

2. The Confidential Information described above is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted and that the material falls into a specific category of documents listed in paragraph 1, above.

3. If a party wishes to challenge the designation of a document or portion of a document as "CONFIDENTIAL," the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve their dispute, the party seeking confidentiality may file a motion with the Court seeking adjudication of the matter under F.R.C.P. 26(c). The party seeking confidentiality has the burden of establishing that protection is warranted under F.R.C.P. 26(c).

4. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

5.      Confidential Information shall not be disclosed by the parties or their counsel to anyone other than the Court and its officers, government officials associated with this action, court reporters and videographer (if any) present at any hearing, deposition or trial, persons who prepared, authored or received the information in a context outside of this litigation, the named parties to this action, percipient witnesses, consultants or expert witnesses retained for prosecution or defense of this litigation, and qualified third parties retained to assist in the prosecution, defense or settlement of this action (such as investigators and mediators). All such persons should be made aware of this protective order.

6.      Exhibits or other documents that are designated by the parties as Confidential shall be lodged under seal. If the filing party believes that Confidential Information is necessary to adjudicate the matter, the filing party must file the document with the Court in a sealed envelope with the following label:

**"Confidential Information**

**Filed Under Seal Pursuant to Protective Order**

**Fuller v. City of Richmond et al., Case No. C03-5616 MMC**

**[Title of Document]"**

After the filing party has conditionally lodged the Confidential Information under seal with the Court. Any party or non-party with an interest in maintaining the confidentiality of the Information or material identified as "Confidential" may file a motion to seal pursuant to Local Rule 79-5. Any motion to seal must be heard prior to or at the same time as the related motion or matter. Any motion to seal may be brought on shortened time. If no explicit assertion is made, or if no motion to seal is filed, the lodged Confidential documents will lose their confidentiality designation and my be treated as non-Confidential under this Order.

7.      Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court.

8.      Nothing in this Protective Order shall affect the admissibility of any Confidential Information in this action. This Order furthermore does not preclude, limit, restrict or otherwise

1  apply to the use of Confidential Information at trial.  The Parties reserve the right to seek any
2  further orders from the Court in connection with any hearing prior to trial or during trial
3  governing the use of such information at any hearing or at trial.
4      9.    The Conclusion of this action is defined as 30 days after the expiration of the time
5  to appeal or challenge any final judgment, settlement or consent decree.  All provisions of this
6  Order restricting the communication or use of Confidential Information continue to be binding
7  after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of this
8  action, a party who received Confidential Information in the context of this action, other than that
9  which is contained in pleadings, correspondence, deposition transcripts and trial documents, must
10 either (a) return the documents to counsel for the party or non-party who provided such
11 informationl or (b) destroy such documents and confirm such destruction in writing.
12     10.    Nothing in this Protective Order shall be construed to unduly hamper the rights of
13 the parties to prosecute and defend this action.  Nothing in this Protective Order shall preclude
14 any party from moving the Court for modification of any terms and conditions thereof.  Any party
15 may, at any time, move the Court for modification of this Protective Order.
16     11.    This Protective Order shall survive the final termination of this action.  The Court
17 shall retain jurisdiction to enforce this Protective Order for six months after the final termination
18 to resolve any dispute concerning the use of Confidential Information.
19     12.    Violations of this protective order may subject the violator and/or the violating
20 party and/or their counsel to monetary and/or evidentiary sanctions per order of the Court.

22     The Stipulated Protective Order and Proposed Order is hereby adopted by the Court as the
23 Protective Order for the case and the parties are ordered to comply with this Order.
24     IT IS SO ORDERED.

26     DATED: __September 25__, 2006.     _/s/ Maxine M. Chesney_
27     Honorable Maxine M. Chesney
28     United States District Judge