IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARIS ITALO FULLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RICHMOND, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-03-5616 MMC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER; DIRECTIONS TO PLAINTIFF'S FORMER COUNSEL; VACATING HEARING** |

　　　Before the Court is plaintiff Lazaris Italo Fuller's "Motion for Order to Modify Protective Order," filed March 19, 2014. Defendants have been served with the motion and have not filed a response thereto. Having read and considered the motion, the Court finds the matter suitable for decision thereon, VACATES the hearing scheduled for April 25, 2014, and rules as follows.

　　　By order filed September 25, 2006, the Court approved the parties' Stipulation for Issuance of Protective Order, which order provides that "Confidential Information" produced in discovery "shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose." (See Order, filed September 25, 2006, ¶ 4.)[1] The order further provides that "[a]ny party may, at any time, move the

---

[1] The order defines "Confidential Information" as, inter alia, "disciplinary and internal affairs investigatory records and citizen complaint records per the Richmond Police Commission related to the duties of the [defendant] officers." (See Order ¶ 1(a).)

1 | Court for modification of this Protective Order." (See Order ¶ 10.)

2 |     Plaintiff asserts the Confidential Information produced in this case may be relevant as impeachment evidence in a criminal case pending against him in state court, and seeks an order allowing him to use the Confidential Information in that pending case. Given that "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation," see Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 475 (9th Cir. 1992), and given defendants have not opposed the motion and thus do not assert any "specific prejudice or harm" that may occur if plaintiff is allowed to use the material in the pending state court case, see id. at 476, the Court hereby GRANTS the motion.

    Specifically, plaintiff may disclose the Confidential Information to his attorney, David J. Briggs ("Briggs"), and Briggs may disclose the Confidential Information to investigators, experts, and other persons working on behalf of the defense in People v. Lazaris Fuller, Superior Court of the State of California, County of Contra Costa, Case No. 132637-0. Any material so disclosed shall be used solely for the purpose of investigation and trial in that case, and as ordered by the judge presiding over that case.

    Further, because, according to plaintiff, the Confidential Information is presently in the possession of Reed Smith LLP, plaintiff's former counsel in the instant case, Reed Smith LLP is hereby DIRECTED to deliver any Confidential Information in its possession to David J. Briggs.

**IT IS SO ORDERED.**

Dated: April 21, 2014

MAXINE M. CHESNEY  
United States District Judge